| | |
|---|---|
| GENERAL PARTS DISTRIBUTION )<br>LLC d/b/a CARQUEST AUTO PARTS )<br>and GENERAL PARTS, INC., )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>JENNISON PERRY, )<br>      Defendants. )<br>_____ ) | O R D E R |

This matter is before the Court on plaintiff's motion for preliminary injunction [DE 19], plaintiff's motion to remand [DE 9], plaintiff's motion for expedited discovery [DE 21], plaintiff's motion for expedited consideration of the preliminary injunction [DE 25] and defendant's motion for partial dismissal and for transfer or consolidation [DE 3]. Plaintiff's motion for preliminary injunction is DENIED, plaintiff's motion to remand is DENIED, plaintiff's motion for expedited discovery is DENIED as moot, plaintiff's motion for expedited consideration of the preliminary injunction is DENIED as moot, and defendant's motion for partial dismissal and for transfer or consolidation is DENIED.

## BACKGROUND

General Parts, commonly known as CARQUEST, is in the business of selling automotive parts on a retail basis and to wholesale or commercial purchasers. Plaintiff General Parts has a network of distribution centers and retail outlets across most of the country. On September 14, 2009, plaintiff hired defendant Jennison Perry for the position of Regional Director in Colorado.

Specifically, Perry was assigned to a region that included South and Southwest Denver - a territory encompassing about a dozen General Parts stores. Companywide, Plaintiff employs approximately 150 to 200 regional directors, all performing work similar to the defendant's. At the time of his hiring, Mr. Perry executed an employment agreement. Among other things, that agreement included a twelve-month covenant not to compete, a covenant of non-solicitation, and a non-disclosure provision.

On January 10, 2012, defendant was terminated from his employment at General Parts. Shortly thereafter, defendant was hired by Elliot Auto Supply Co., Inc. d/b/a Factory Motor Parts. Defendant's territory in his position with Elliot Auto Supply is located mostly in North Denver. Plaintiff alleges that in working for Elliot Auto Supply, Mr. Perry is violating the covenant not to compete, the non-solicitation provision, and the non-disclosure provision of his employment agreement with General Parts. As such, plaintiff filed a motion seeking a preliminary injunction to enforce the terms of its agreement with defendant. A hearing on the motion for preliminary injunction, and other related motions, was held on October 3, 2012 in Raleigh, North Carolina.

## DISCUSSION

### I. HAVING FAILED TO SHOW IRREPARABLE HARM, PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION IS DENIED.

The Fourth Circuit's current standard for the issuance of a preliminary injunction is whether the plaintiff is able to make a clear showing "that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)), *vacated on other grounds*, 130 S.Ct 2371

(2010) (memorandum opinion). The Fourth Circuit's opinion in *The Real Truth About Obama* altered the longstanding "balance-of-the-hardships" test and created a stricter standard that requires plaintiffs to make a clear showing of irreparable harm and that they will succeed on the merits. *See Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977) (articulating the old standard).

Here, the plaintiff has failed to carry its burden by not showing that it will suffer an irreparable harm unless this Court orders a preliminary injunction. General Parts waited nearly six months from the time of defendant's termination before seeking enforcement of its agreement and additional months passed before the matter was heard by this Court. Plaintiff's lack of urgency suggests that its fear of irreparable harm is less than dire. Additionally, defendant is far from an essential employee. He was one of at least 150 total regional managers around the country indicating that his role in the company was far less critical than plaintiff would have this Court believe. Finally, plaintiff has shown no evidence that defendant actually took any confidential information or trade secrets with him when he was abruptly let go from his position with General Parts. Moreover, defendant's position requires him to work mostly in North Denver and it appears that there is minimal overlap between this territory and the South and Southwest Denver territory for which he was responsible at General Parts. As such, the risk of irreparable harm, if existent, is remote and slight.

The absence of irreparable harm would be sufficient to deny plaintiff's motion, however, General Parts also failed to show that the balance of the equities tips in its favor on this matter. Given that there is so little time remaining in the covenant not to compete's twelve-month restrictive period, this Court sees little benefit that would be created by requiring the defendant to cease or limit his employment with Elliot Auto Supply. On the other hand, if defendant, whose

only apparent career experience is in the automotive industry, were forced to cease his employment or move to a different territory serviced by Elliot Auto Supply he could suffer extreme hardship. As such, plaintiff's motion for preliminary injunction is denied.

II. PLAINTIFF'S MOTION TO REMAND IS DENIED.

Plaintiffs seek remand of this matter to the state court. Defendants removed this case to federal court on June 4, 2012 citing diversity of citizenship jurisdiction as the basis for removal. Plaintiff alleges that defendant failed to properly plead complete diversity in its notice of removal [DE 1]. This Court finds that defendant sufficiently pleaded complete diversity of the parties in its notice of removal. As such, plaintiff's motion to remand is denied.

III. PLAINTIFF'S MOTIONS FOR EXPEDITED DISCOVERY AND EXPEDITED CONSIDERATION OF THE PRELIMINARY INJUNCTION ARE DENIED AS MOOT.

This Court held a hearing on the preliminary injunction matter before ruling on plaintiff's motions for expedited discovery and expedited consideration of the preliminary injunction. Plaintiff's motion for expedited discovery was based purely on the plaintiff's desire to conduct discovery prior to the preliminary injunction hearing. Both of these motions are rendered moot by the Court's present denial of the plaintiff's motion for a preliminary injunction. As such, plaintiff's motions for expedited discovery and expedited consideration of the preliminary injunction are denied as moot.

IV. DEFENDANT'S MOTION FOR PARTIAL DISMISSAL, AND TO TRANSFER OR CONSOLIDATE IS DENIED.

a. Defendant's Motion for Partial Dismissal is Denied.

In his motion, Defendant requested that this Court dismiss counts 4, 5, 6, 7, and 8 of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The counts

represent the following causes of action, respectively: misappropriation of trade secrets, unfair and deceptive trade practices, breach of the covenant of good faith and fair dealing, tortious interference with contractual relations, and tortious interference with prospective business advantage.

A complaint should survive a motion to dismiss only if it "states a plausible claim for relief" supported by well-pleaded facts that permit the court "to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Such facts must "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to establish a facially plausible claim, a plaintiff must do more than simply plead facts that are consistent with defendant's liability or merely restate the elements of a cause of action. *Iqbal*, 556 U.S., at 678. The facts pleaded by the plaintiff must allow the court to draw a reasonable inference that the defendant is actually liable for the misconduct alleged. *Id.* In drawing such inferences, the court should view the complaint in the light most favorable to the plaintiff and should accept well-pleaded allegations as true. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Viewing this complaint in the light most favorable to the plaintiff and accepting the facts as pleaded, the court is able to draw a reasonable inference that the defendant is liable for the misconduct alleged. As an example of facts that have been sufficiently well-pleaded to allow the court to draw such inferences, the plaintiff alleged that: "Defendant is soliciting for Factory Motor Parts the same customers he serviced for General Parts in violation of the non-compete provision contained in the Agreement. For example, Defendant has solicited four commercial customers in Parker, Colorado." Pltf. Cmplt. ¶ 21. As such, the defendant's motion to dismiss must be denied.

b. Defendant's Motion to Transfer or Consolidate is Denied.

28 U.S.C. § 1404(a) allows for the transfer of a case in some limited circumstances. In order to transfer this case the defendant must show that the balance of the factors weighs strongly in its favor. *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984). There is a presumption against disturbing the plaintiff's choice of forum. *Hardee's Food Sys., Inc. v. Rosenblatt*, 44 F.Supp.2d 767, 770-71 (E.D.N.C. 1998). This Court finds no reason to upset this plaintiff's choice of forum and, as such, denies defendant's motion to transfer this matter to the United States District Court, District of Colorado. Further, in part because Elliot Auto Supply is not a party to the instant action, this Court denies the motion to consolidate this matter with the declaratory judgment action filed by Elliot Auto Supply in Minnesota.

## CONCLUSION

Accordingly, Plaintiff's motion for preliminary injunction is DENIED. Further, plaintiff's motion to remand is DENIED, plaintiff's motion for expedited discovery is DENIED as moot, plaintiff's motion for expedited consideration of the preliminary injunction is DENIED as moot, and defendant's motion for partial dismissal and for transfer or consolidation is DENIED.

SO ORDERED, this __10__ day of October, 2012.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE